UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSUE CALIXTE,

Petitioner,

v.

CHRISTOPHER LAROSE, et al.,

Respondents.

Case No. 3:26-cv-06635-RFL-BJW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Josue Calixte filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting immediate release from immigration detention. (Dkt. No. 1.) The government responded to the Petition, stating it "does not oppose an order from this Court directing that Petitioner be released from custody, subject to reasonable conditions at the government's discretion." (Dkt. No. 4.)

As averred in the Petition, and as Respondents do not dispute, Petitioner, a citizen of Haiti, entered the United States on June 13, 2021, and has been continually present since that time. (Dkt. No. 1 ¶¶ 19, 21.) Petitioner was previously released from immigration custody on an Order of Release on Recognizance. (*Id.* ¶ 21.) That release necessarily reflected a determination that Petitioner posed neither a flight risk nor a danger to the community. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025). Petitioner has since complied with his immigration requirements and worked to build a stable life for himself and his two children. (*Id.* ¶¶ 22–24.) He has received Temporary Protected Status and work authorization, and is currently pursuing asylum. (*Id.* ¶¶ 2, 24.)

On September 29, 2026, Petitioner accidentally drove onto a military base while following GPS directions to a gas station. (*Id.* ¶¶ 1, 26.) Officers detained Petitioner at the base entrance without allowing him to retrieve his immigration documents from his vehicle. (*Id.*

¶¶ 27–28.) He has been detained ever since, and neither he nor his family have been able to access his vehicle nor the immigration documents stored inside. (*Id.* ¶¶ 6, 28.) Petitioner is currently detained at the Otay Mesa Detention Center. (*Id.* ¶ 6.)

Petitioner asserts that his detention violates his Fifth Amendment right to procedural due process.[1] Respondents have filed a response stating, "[t]he government does not oppose an order from this Court directing that Petitioner be released from custody, subject to reasonable conditions at the government's discretion." (Dkt. No. 4.) For the reasons stated below, and in light of the government's non-opposition, the Petition is **GRANTED**.

Petitioner's procedural due process challenge is governed by the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Faizi v. LaRose*, 831 F. Supp. 3d 993, 1001–02 (S.D. Cal. Apr. 24, 2026). Because Petitioner was previously released on his own recognizance, he has a protected liberty interest in remaining out of immigration custody. *See, e.g.*, *Vicky v. Casey*, No. 26-CV-949 JLS (JLB), 2026 WL 608589, at *2 (S.D. Cal. Mar. 4, 2026). The *Mathews* factors therefore weigh in favor of finding that Petitioner's re-detention violated his Fifth Amendment right to procedural due process. *See id.*; *see also, e.g*, *Lozano Castano v. LaRose*, No. 26-cv-01747-RBM-VET, 2026 WL 1194854, at *2–3 (S.D. Cal. May 1, 2026).

Upon finding a constitutional violation, a district court "may" grant a writ of habeas corpus and "dispose of the matter as law and justice require." 28 U.S.C. § 2241(a), 2243. Release from detention is the "typical remedy" for "unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). The typical remedy is appropriate here to address the due process violations. Furthermore, to ensure that Petitioner's release pursuant to this Order is not "rendered meaningless," it is necessary to enjoin the government from re-detaining Petitioner without due process and a proper justification. *See Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 321 & nn.19–20 (E.D.N.Y. 2025) (collecting cases); *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019). As a result, the relief ordered below falls within the core

[1] Because the Petition is granted on this basis, the order does not reach Petitioner's other claims.

of habeas. Finally, a permanent injunction is an appropriate remedy here because "the balance of equities and consideration of the public interest" favor protecting Petitioner from detention without notice and a pre-deprivation hearing where the government has already determined that he is not a flight risk nor a danger to the community. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 32 (2008). The Court, therefore, **ORDERS** as follows:

- Respondents shall immediately release Petitioner, no later than **24 hours** after the filing of this Order. Respondents shall also return all property that had been seized from him, including by facilitating the return of his vehicle and immigration documents.[2] The release shall be on the same terms and conditions as Petitioner's initial release in 2021.
- Respondents shall not re-detain Petitioner: (1) without notice and a pre-deprivation hearing before a neutral decisionmaker in which an individualized determination is made that he poses a flight risk or danger to public safety such that he must be detained; or (2) in the absence of a material change in circumstances justifying his detention.

The Clerk of the Court shall close the case. Petitioner's request for attorneys' fees is **DENIED WITHOUT PREJUDICE** to an application requesting reasonable attorneys' fees that is filed within 30 days of final judgment.

**IT IS SO ORDERED.**

Dated: November 24, 2026

RITA F. LIN
United States District Judge

[2] On November 23, 2026, the Court ordered Respondents to "promptly facilitate the return of Petitioner's immigration documents, including by providing Petitioner's counsel with information necessary to locate Petitioner's vehicle," in order "[t]o facilitate Petitioner's ability to defend his case." (Dkt. No. 3.) Respondents state that they "are continuing to assist in facilitating return of Petitioner's immigration documents." (Dkt. No. 4 n.1.)